### BERRY *versus* ELISHA H. HALL.

In a suit by the indorsee of a negotiable promissory note against the maker, the indorsee is a competent witness for the plaintiff.

ON EXCEPTIONS from the District Court, RICE, J.

ASSUMPSIT by the indorsee against the alleged promissor of a note payable to Charles V. Poor or order. The note was produced. It was *signed* by John H. Hall, and the defendant had written his name upon the *back* of it. Directly above the defendant's name was that of Charles V. Poor. The defendant had not been notified as indorser. The plaintiff proposed to prove, that, though the defendant's name was not on the *face*, but was on the *back* of the note, yet that, when writing it, he intended to sign as a *promisor*, and not as *indorser*. For that purpose, he offered the deposition of Charles V. Poor. The deposition was made a part of the case. It shows that in the original arrangement, it was agreed, that Mr. Poor was to have a note with the defendant's name upon it.

The defendant objected to the introduction of the deposition to the jury, alleging, that the deponent was interested, and that it was not competent to change, by parol evidence, the relations of the parties to a negotiable note. The deposition was excluded; and there being no other evidence on that point, a nonsuit was ordered.

To the exclusion of the deposition the plaintiff excepted.

*Dickerson,* for the plaintiff.

*Williamson,* for the defendant.

SHEPLEY, C. J., orally. — The deposition was offered by the *plaintiff.*

The deponent's liability upon his indorsement could not be defeated by a verdict for the plaintiff. He was not, therefore, interested in favor of the plaintiff, and the deposition was admissible.

The plaintiff also contended, that parol evidence is not receivable to change the relation of parties to a negotiable note.

A consideration of that question is unnecessary, because the deposition, which is made a part of the case, contains nothing which can tend to show, that the defendant intended to sign as a promisor. It only proves, that his name was to be upon the paper; and its exclusion was, therefore rightfully ordered.

When one places his name upon the back of an *unnegotiable* note, the law presumes him to be a *promisor.*

When he places it upon the back of a *negotiable* note, the law presumes, that he intended to be an *indorser.*

*Nonsuit confirmed.*